IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-215 |
| | ) | [UNDER SEAL] |
| MARVIN E. HALL | ) | |
| MELISSA A. HUET | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Margaret E. Picking, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a three-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Possession of Firearms by a Convicted Felon On or about January 11, 2008. | 18 U.S.C. § 922(g)(1) | Marvin E. Hall |
| 2 | Transfer of Unregistered Firearms On or about January 11, 2008. | 26 U.S.C. § 5861(e) | Marvin E. Hall |

| | | | |
|---|---|---|---|
| 3 | Aiding and Abetting the Possession of a Firearm by a Convicted Felon From on or about August 10, 2007 to on or about January 11, 2008 | 18 U.S.C. §§ 922(g)(1) and 2(a) | Melissa A. Huet |

## II.  ELEMENTS OF THE OFFENSES

**A.   As to Count 1:**

In order for the crime of Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

   1.   The defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.

>    United States v. Gillies, 851 F.2d 492, 493-494 (1st Cir. 1988); United States v. Lowe, 860 F.2d 1370 (7th Cir. 1988) n. 4.

   2.   The defendant thereafter knowingly possessed a firearm.

   3.   Said firearm was possessed in or affecting interstate commerce.

>    United States v. Gillies, 851 F.2d 492, 493-494 (1st Cir. 1988); United States v. Lowe, 860 F.2d 1370 (7th Cir. 1988) n. 4.

**B.   As to Count 2:**

In order for the crime of Transfer of Unregistered Firearms, in violation of Title 26, United States Code, Section

5861(e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. On or about the date charged in the Indictment, the defendant knowingly transferred firearms, in this case, two exploding golf balls, which constitute destructive devices, as defined in 26 U.S.C. § 5845(a)(1)(F).

> United States v. Daniels, 973 F.2d 272 (4th Cir. 1992), cert. denied, 113 S.Ct. 1064 (1993).

2. Prior to the making of the destructive devices, the defendant failed to file with the Secretary of Treasury a written application for the transfer and registration of the firearms to the transferee, as required by 26 U.S.C. § 5812(a).

> United States v. Thompson, 420 F.2d 536 (3d Cir. 1970).

3. That the defendant had knowledge that he was transferring firearms; that is, that he knew that the devices he transferred functioned as explosive devices.

> United States v. Javino, 960 F.2d 1137 (2d Cir.), cert. denied, 113 S.Ct. 477 (1992).

C. As to Count 3:

In order for the crime of knowingly aiding and abetting the possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 2(a), to be established, the government

prove all of the following essential elements beyond a reasonable doubt:

1. The defendant aided and abetted another individual, who was convicted of a crime punishable by imprisonment for a term exceeding one year, in the possession of the firearm charged in the Indictment.

> United States v. Gillies, 851 F.2d 492, 493-494 (1st Cir. 1988); United States v. Lowe, 860 F.2d 1370 (7th Cir. 1988) n. 4.

2. The defendant acted knowingly.

3. The firearm was possessed in or affecting interstate commerce.

> United States v. Gillies, 851 F.2d 492, 493-494 (1st Cir. 1988); United States v. Lowe, 860 F.2d 1370 (7th Cir. 1988) n. 4.

### III. PENALTIES

A. As to Count 1: Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1)):

1. A term of imprisonment of not more than ten (10) years. However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

      2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

      3.    A term of supervised release of three (3) years (18 U.S.C. § 3583).

      4.    Forfeiture pursuant to Title 18, United States Code, Section 924(d)(1).

      5.    Any or all of the above.

      **B.**    **As to Count 2:**    Transfer of Unregistered Firearms (26 U.S.C. § 5861(e)):

      1.    A term of imprisonment of not more than ten (10) years.

      2.    A fine of not more than $250,000.

      3.    A term of supervised release of not more than three (3) years.

      4.    Any or all of the above.

      **C.**    **As to Count 3:**    Aiding and Abetting the Possession of a Firearm by a Convicted Felon (18 U.S.C. §§ 922(g)(1) and 2(a):

      1.    A term of imprisonment of not more than ten (10) years.

      2.    A fine of not more than $250,000.

      3.    A term of supervised release of three (3) years.

      4.    Forfeiture pursuant to Title 18, United States Code, Section 924(d)(1).

      5.    Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which a defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Not applicable in this case.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

*Margaret E. Pickiny*
MARGARET E. PICKING
Assistant U.S. Attorney
PA ID No. 28942
