

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

U.S. Post Office & Courthouse
700 Grant Street
Suite 4000
Pittsburgh, Pennsylvania 15219                    412/644-3500


December 16, 2009


Elisa A. Long, Esquire
Office of the Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, Pennsylvania 15219

Re:   United States of America v.
      Marvin E. Hall
      Criminal No. 08-215

Dear Ms. Long:

This letter sets forth the agreement by which your client, Marvin E. Hall, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Marvin E. Hall and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Marvin E. Hall will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, <u>et seq</u>. and 28 U.S.C. §991, <u>et seq</u>. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

   A.   The defendant, Marvin E. Hall, agrees to the following:

        1.   He will enter a plea of guilty to Count One of the Indictment at Criminal No. 08-215, charging him with violating Title 18, United States Code,

**LIMITED OFFICIAL USE**



January 5, 2010
Page 2

Section 922(g)(1), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2. He will voluntarily forfeit to the United States his right, title, and interest in all property subject to forfeiture under 18 U.S.C. §924(d), including the Stevens 12 gauge shotgun and the SKS assault rifle referenced in Count One of the indictment.

3. He acknowledges that the above-described property was involved and used in the knowing commission of the offense charged in Count One.

4. He acknowledges that the above-described property is presently the subject of a criminal forfeiture action at the above-captioned criminal case number and he herewith voluntarily consents to the Court entering an order of forfeiture of said property to the United States.

5. At the time Marvin E. Hall enters his plea of guilty, he will deposit a special assessment of $100.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

6. Marvin E. Hall waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

7. Marvin E. Hall waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Marvin E. Hall may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court

January 5, 2010
Page 3

>            under the Sentencing Guidelines, Marvin
>            E. Hall may take a direct appeal from the
>            sentence.
>
>     Marvin E. Hall further waives the right to file a
>     motion to vacate sentence, under 28 U.S.C. §2255,
>     attacking his conviction or sentence, and the right
>     to file any other collateral proceeding attacking
>     his conviction or sentence.

B.  In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

>   1.  After the imposition of sentence, the United States
>       Attorney will move to dismiss the remaining Count
>       of the Indictment at Criminal No. 08-215, without
>       prejudice to its reinstatement if, at any time,
>       Marvin E. Hall is permitted to withdraw his plea of
>       guilty.  In that event, Marvin E. Hall waives any
>       double jeopardy, statute of limitations, speedy
>       trial, or similar objections to the reinstatement
>       of the Count dismissed pursuant to this agreement.
>
>   2.  The United States Attorney retains the right of
>       allocution at the time of sentencing to advise the
>       sentencing Court of the full nature and extent of
>       the involvement of Marvin E. Hall in the offense
>       charged in the Indictment and of any other matters
>       relevant to the imposition of a fair and just
>       sentence.
>
>   3.  Prior to sentencing, the United States Attorney
>       will, orally or in writing, move that, pursuant to
>       §3E1.1 of the Sentencing Guidelines, the Court
>       reduce the offense level by 3 levels for acceptance
>       of responsibility, on the grounds that the offense
>       level prior to application of §3E1.1 is 16 or
>       greater, and Marvin E. Hall timely notified
>       authorities of his intention to enter a plea of
>       guilty, thereby permitting the government to avoid
>       preparing for trial and permitting the Court to
>       allocate its resources efficiently.

January 5, 2010
Page 4

        4.    The United States Attorney will take any position he deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.    Marvin E. Hall and the United States Attorney further understand and agree to the following:

        1.    The penalty that may be imposed upon Marvin E. Hall is:

            (a)    A term of imprisonment of not more than ten (10) years;

            (b)    A fine of $250,000.00;

            (c)    A term of supervised release of three (3) years;

            (d)    A special assessment under 18 U.S.C. §3013 of $100.00.

        If, however, it is determined that Marvin E. Hall has 3 previous convictions for violent felonies or serious drug offenses or both, the term of imprisonment is not less that 15 years and not more than life imprisonment, and the term of supervised release is 5 years.

        2.    This agreement does not preclude the government from pursuing any civil or administrative remedies against Marvin E. Hall or his property.

        3.    The parties agree that, although charges are to be dismissed pursuant to this agreement, Marvin E. Hall is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment). Marvin E. Hall waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

January 5, 2010
Page 5

This letter sets forth the full and complete terms and conditions of the agreement between Marvin E. Hall and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

ROBERT S. CESSAR
Acting United States Attorney

I have received this letter from my attorney, Elisa A. Long, Esquire, have read it and discussed it with her, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

_____
Marvin E. Hall

1-29-10
_____
Date

Witnessed by:

_____
ELISA A. LONG, ESQUIRE
Counsel for Marvin E. Hall