```
          IN THE UNITED STATES DISTRICT COURT

              OF WESTERN PENNSYLVANIA


UNITED STATES OF AMERICA,        CRIMINAL ACTION

          vs.                    No. 08-215

MARVIN E. HALL,

     Defendant.
```

---

```
   Transcript of SENTENCING HEARING on JUNE 25, 2010
 United States District Court, Pittsburgh, Pennsylvania
  BEFORE:  HONORABLE ARTHUR J. SCHWAB, DISTRICT JUDGE
```

APPEARANCES:

| | |
|---|---|
| For USA: | Margaret E. Picking, Esq. |
| | Assistant U.S. Attorney |
| | U.S. Attorney's Office |
| | 700 Grant Street |
| | Pittsburgh, PA  15219 |
| | |
| For the Defendant: | Elisa A. Long, Esq. |
| | Federal Public Defender's Office |
| | 1001 Liberty Avenue |
| | Pittsburgh, PA  15222-3716 |
| | |
| Court Reporter: | Karen M. Earley, RDR-CRR |
| | 6260 U.S. Courthouse |
| | Pittsburgh, PA  15219 |
| | 412-201-2660 |

Proceedings reported by mechanical stenography.
Transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2       (June 25, 2010.  In open court, counsel and defendant present.)
 3              THE COURT:  Good morning.
 4              This is the time and place that has been set for
 5  sentencing in Criminal No. 08-0215.
 6              Will counsel please enter your appearance for the
 7  record.
 8              MS. PICKING:  Margaret Picking for the United
 9  States, Your Honor.
10              THE COURT:  Good morning.
11              On behalf of the defendant?
12              MS. LONG:  Elisa Long on behalf of Mr. Hall, who is
13  present.
14              THE COURT:  Welcome to both of you.
15              Sir, will you please stand to be sworn.
16           MARVIN HALL, DEFENDANT HEREIN, WAS SWORN.
17              THE DEPUTY CLERK:  Please state your name for the
18  record.
19              THE DEFENDANT:  Marvin Hall.
20              THE COURT:  Sir, having been sworn, do you
21  understand that your answers are to be truthful; if they are
22  not, you run the risk of committing perjury or making a false
23  statement?
24              THE DEFENDANT:  Yes, sir.
25              THE COURT:  I note for the record that the Court
```

1  has received and reviewed a Presentence Investigation Report
2  and Addendum prepared by United States Probation Office and
3  its recommendation of sentence.
4         Defendant's objections and corrections to the
5  presentence report, Document No. 123, I will discuss those
6  objections in a few moments.
7         I also reviewed defendant's sentencing memorandum,
8  Document No. 131, setting forth the Section 3553(a) factors
9  that this Court must take into consideration in arriving at an
10 appropriate sentence, which also attached several letters
11 written on behalf of the defendant.
12        In this regard, defendant's objections set forth in
13 his respect to the sentencing factors, the Court overruled
14 said objections because they do not concern disputed matters
15 that are material to my sentencing calculations under the
16 guidelines and also because most of the objections are to
17 adverse inferences defendant reads into the presentence report
18 but that the Court can find in the report.
19        I appreciate these objections are made out of an
20 abundance of caution but do not go to matters that impact
21 sentencing and are, therefore, overruled.
22        Sir, you previously entered a plea of guilty in
23 this courtroom to one count of a two-count indictment at
24 Criminal No. 08-215, charging that on or about January 11,
25 2008, in the Western District of Pennsylvania, after you had

1  been previously convicted of a felony, you knowingly possessed
2  a firearm in and affecting interstate commerce, namely, a
3  Stevens 122-gauge shotgun and an SKS assault rifle, in
4  violation of Title 18, United States Code, Section 2922(g)(1),
5  correct, sir?
6              THE DEFENDANT:  Yes.
7              THE COURT:  Following your guilty plea, I directed
8  the probation office to prepare a Presentence Investigation
9  Report you and your attorney have received, is that correct,
10 sir?
11             THE DEFENDANT:  Yes, sir.
12             THE COURT:  Correct, ma'am?
13             MS. LONG:  Yes, sir.
14             THE COURT:  I reviewed the presentence report and
15 addendum and the recommendation of the probation office.
16             Pursuant to a standing Order of the Board of Judges
17 of this District, the Court finds it is not appropriate to
18 disclose the recommendation of the probation office to the
19 parties, nor to counsel, however, sir, in determining your
20 sentence, the Court will not consider any matter that has not
21 previously been explained to you and your attorney.
22             Counsel, have you reviewed the presentence report
23 and addendum and discussed them with your client?
24             MS. LONG:  I have.
25             THE COURT:  Any errors in the report that you have

1  not previously called to the Court's attention?

2          MS. LONG:  No.

3          THE COURT:  Sir, have you reviewed the presentence
4  report and addendum and discussed them with your attorney?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Counsel, is there any legal cause why
7  sentence should not be pronounced.

8          MS. LONG:  No, Your Honor.  I would like to make
9  some comments on behalf of Mr. Hall prior to that.

10         THE COURT:  You may do so and he may also speak, if
11  he wishes.

12         You may continue, ma'am.

13         MS. LONG:  Your Honor, I just wanted to initially
14  introduce to the Court Mr. Hall's family who is here present.
15  His brother Dick Hall, his sister-in-law Louise Hall, and his
16  nephew Tim Hall are also here in support of Mr. Hall.

17         Also, letters of support from members of the
18  community were submitted in support of Mr. Hall.

19         In arriving at an appropriate sentence for
20  Mr. Hall, we would ask the Court to consider the nature of the
21  offense, which is a possession offense, that Mr. Hall had two
22  firearms at his home.

23         He admitted he had them for protection purposes, no
24  dispute about that.  When he was arrested, he immediately
25  accepted responsibility, was truthful and honest with the

1  agents and he entered a guilty plea to this Court.  He makes
2  no excuses.
3          The background of the investigation is a three-year
4  investigation into what law enforcement believe to be militia
5  activity.  A lot of resources were used, multiple undercover
6  agents.
7          There were a handful of arrests made, extensive
8  media coverage, particularly in the beginning when the arrests
9  were made.
10         As I noted in my sentencing memorandum, of the
11 three cases that are related to Mr. Hall's, one resulted in an
12 acquittal, two resulted in relatively short sentences of 15
13 months for one individual, 16 for the other.
14         Mr. Hall is different from those individuals
15 because he does have a prior felony conviction, which makes
16 him a prohibitive person.  We recognize that.
17         What makes him a prohibitive person is, again, the
18 possession offense, possession of unregistered firearms.
19         Mr. Hall does have a criminal record, however, it's
20 not a violent or extensive one.  Primarily, DUIs and summary
21 offenses, plus the federal possession offense of firearms,
22 which I did already note.
23         Mr. Hall does have good family support, Your Honor.
24 In addition to his brother, sister-in-law and nephew, who are
25 here, he has a sister who is willing to have him stay with her

```
 1   upon this Court's sentencing or upon his release.
 2              He also has two children and numerous grandchildren
 3   which he has not seen for the last two years and is anxious to
 4   get back to.
 5              He has a trade and has his own business and owns
 6   his own home.  He can be someone who can live in the community
 7   safely.
 8              He has shown the ability to comply with Court
 9   supervision.  He completed two periods of Accelerated
10   Rehabilitative Disposition Program in the state, plus five
11   years of federal supervision without incident.
12              His guideline range, as I noted in my memorandum,
13   is 15 to 21 months.  He's already served 25 months.  If the
14   Court were to consider -- the BOP were to calculate good time,
15   that would be approximately equivalent to 30 months time.
16              I think in this particular case, that time was not
17   regular time.  He was actually in very restrictive conditions
18   in the Allegheny County Jail, either in the disciplinary
19   housing unit or in protective custody and, again, not because
20   of anything Mr. Hall did while in the jail or any misconduct
21   he had but because of the media coverage; and I attached the
22   Allegheny County administrative record of that showing that's
23   why he was held under these restrictive conditions.
24              I do believe, Your Honor -- I would ask that the
25   Court impose a sentence of time served on this matter and
```

1   allow Mr. Hall to go home to his family, to his community.

2           I believe he has learned his lesson.  He
3   understands he cannot under any circumstances possess a
4   firearm for whatever reason.

5           I do believe he has something to say just briefly
6   to the Court if this is the appropriate time, Your Honor.

7           THE COURT:  Please.

8           THE DEFENDANT:  Your Honor, I would just like to
9   say to my family and friends I'm sorry for the embarrassment
10  or hardship that I caused as a result of my actions and I want
11  to make clear to everyone and especially the Court this
12  situation will never occur again.

13          Thank you, Your Honor.

14          MS. LONG:  Thank you, Your Honor.

15          THE COURT:  So the sentencing range is 15 to 21
16  months, is that correct?

17          MS. LONG:  Yes, Your Honor.

18          THE COURT:  And why did he not appear before me at
19  12 months or 15 months as opposed to 24 months?

20          MS. LONG:  Your Honor, I believe he was initially
21  charged with two counts in the indictment.

22          Ms. Picking and I had extensive discussions about
23  what to do about that second charge.  We contemplated a trial
24  and eventually ended up agreeing that the government would
25  dismiss that second count and that he would only be

```
 1   prosecuted -- plead guilty to Count 1.
 2             Had he pled to both, his -- had he been found
 3   guilty of both or pled to both, his guideline range would have
 4   been considerably higher.
 5             The reason, I believe, the government dismissed
 6   Count 2 or will dismiss or agreed to dismiss Count 2 is I
 7   don't believe they could make out on Count 2 the elements of
 8   the offense in this particular case, that the golf balls that
 9   were possessed here and transferred to undercover agents were
10   actually pyrotechnic purposes meant for entertainment
11   purposes, not for any nefarious end.  That is part of the
12   reason why there was a fair amount of discovery in this case,
13   including tape recordings and transcripts, but the parties did
14   work, I believe, during the period since the arraignment to
15   work out a negotiated plea.
16             THE COURT:  How many motions for extension of time
17   did you file in this case?
18             MS. LONG:  I'm not sure, Your Honor.  I would have
19   to look at the docket.  I counted quickly.  It looks like I
20   filed unopposed approximately 12 motions.
21             THE COURT:  What's the government's position
22   relating to sentencing, please?
23             MS. PICKING:  Your Honor, under ordinary
24   circumstances, the SKS assault rifle would be of a type that
25   would take a large capacity magazine and at the time of the
```

1  plea, there was some dispute as to whether it qualified or not
2  for a higher guideline range under the circumstances.
3          Subsequent inquiry and investigation by Ms. Long,
4  who did work diligently, Your Honor, on the case and on that
5  particular issue, disclosed that not only did this particular
6  SKS rifle not have a large capacity magazine -- it did not by
7  manufacturer have a large capacity magazine, it did not have
8  one at the time it was located.
9          Moreover, we attempted to determine whether any
10 large capacity magazine was found in the vicinity of that SKS
11 at the time it was located and the answer is no.
12         Consequently, the government does not dispute the
13 guideline range, which the Court has calculated, at 15 to 21
14 months.
15         Mr. Hall has six criminal history points and is in
16 the Criminal History Category of III.  We take no position on
17 the sentence to be imposed.  Mr. Hall has been incarcerated
18 since June the 8th of 2008.  He was ordered detained pretrial.
19         I think the fact that Magistrate Judge Hay ordered
20 Mr. Hall detained speak volumes as to whether she determined
21 he was a danger to the community and thus detained him
22 pretrial.
23         He has been incarcerated now for an excess of 24
24 months, and as I indicated, he has already served over two
25 years in pretrial detention.

```
 1                 THE COURT:  Why couldn't one go on the Web site and
 2    look up SKS and pretty quickly determine that they're not
 3    manufactured to take the magazine that concerns you unless
 4    they're modified and there's a question of whether they can be
 5    modified to take that magazine?
 6                 MS. PICKING:  That probably could have been done,
 7    Your Honor, you're right.
 8                 THE COURT:  Do you know where this -- what country
 9    this one was manufactured in?
10                 MS. PICKING:  I think Yugoslavia but I'm not
11    entirely certain.
12                 THE COURT:  Sir, are you satisfied with the service
13    and representation provided by your attorney?
14                 THE DEFENDANT:  Yes.
15                 THE COURT:  Anything you asked her to do that she
16    didn't do?
17                 THE DEFENDANT:  No, sir.
18                 THE COURT:  Is there anything she did that you wish
19    she hadn't done?
20                 THE DEFENDANT:  No.
21                 THE COURT:  Anything else on the record before I
22    pronounce sentence on behalf of the government?
23                 MS. PICKING:  No, sir.
24                 THE COURT:  Defendant?
25                 MS. LONG:  No, Your Honor.
```

 1              THE COURT:  Sir, pursuant to the Sentencing Reform
 2   Act of 1984, it's the judgment of the Court you should be
 3   sentenced to a term of imprisonment of time served.
 4              Within 72 hours of your release from the custody of
 5   the Bureau of Prisons or, in this case, from the Marshal
 6   Service, you shall report in person to the probation office in
 7   the district to which you are released to be placed on
 8   supervised release for three years.
 9              While on supervised release, defendant shall not
10   commit another federal, state, or local crime, shall comply
11   with the standard conditions that have been adopted by this
12   Court, and shall comply with the following additional
13   conditions.
14              One, defendant shall not use or illegally possess a
15   controlled substance.  Supervised release must be revoked for
16   possession of controlled substance.
17              Two, defendant shall not use or possess a firearm
18   or other destructive device.  Supervised release must be
19   revoked for possession of firearm or other destructive device.
20              You should talk to your counsel about how broad
21   that restriction condition is relating to ammunition,
22   obviously weapons, magazines, whatever.  You need to
23   understand how broad it is.
24              Three, defendant shall participate in a program of
25   testing, if necessary, and treatment for substance abuse as

```
 1   directed by the probation officer.
 2            Further, the defendant shall be required to
 3   contribute to the cost of any such treatment in an amount
 4   determined by the probation officer but not to exceed the
 5   actual cost.
 6            Defendant shall submit to one drug urinalysis
 7   within 15 days of being placed on supervised release and at
 8   least two periodic tests thereafter.
 9            Defendant shall cooperate in the collection of DNA
10   directed by the probation officer.
11            Point five, defendant shall submit personal
12   effects, residence, place of business, computers, other
13   electronic or digital media and his vehicle to search at any
14   time with or without a warrant conducted by any law
15   enforcement or probation officer based upon reasonable
16   suspicion of unlawful activity or conduct or evidence of a
17   violation of a condition of release.
18            Failure to submit to search may be grounds for
19   revocation.  Defendant shall inform any other residents that
20   the premises may be subject to search pursuant to this
21   condition.
22            The reason for the sentence is as follows:
23            The sentence actually turns out to be 24 months,
24   which is well above the guideline range of 15 to 21 months.
25   For that, I apologize to you.
```

1              The practice of these extension of times are
2    increasingly problematic and obviously impacted you.
3              I, sir, probably would have sentenced you to 15
4    months and you served nine more of that because of the motions
5    for extension of time continually filed in this case.
6              I apologize on behalf of the Court and you can take
7    that matter up with whoever you want, if you wish.
8              The Court considered the sentence imposed to be
9    sufficient but no greater for the sentence to reflect the
10   seriousness of the offense, promote respect for the law and
11   provide for just punishment.
12             Obviously, your crime is a serious one since you
13   were previously convicted and you must conform to these
14   conditions so that you don't find yourself being
15   reincarcerated or recharged.
16             Also, the sentence provides, as I said, for just
17   punishment and is well within the guidelines.  In fact, as I
18   said, in excess of the guideline range.
19             It affords adequate deterrence and part of that is
20   the search condition that I've added to the conditions of
21   probation.
22             It's also designed to protect the public against
23   commission of further crimes by this defendant and I believe
24   the conditions do that, also.
25             Finally, to provide the defendant with effective

1  and needed medical and mental health treatment at the
2  direction of the probation office.
3              In addition, the Court has considered all the other
4  factors set forth in Title 18, United States Code, Section
5  3553(a) and the arguments of counsel and the various factors.
6              I considered your age.  I considered what your
7  prior participation has been in militia parties and in the
8  handling of weapons, including related to your live-in
9  girlfriend.  I considered your prior harassment conviction and
10 DUI conviction.
11             I also considered the letters from your family and
12 the support from your family, and hopefully, at this point of
13 your life, that you will be able to spend the rest of your
14 days conforming to the Federal Rules that are set forth in the
15 law.
16             You have a history of drug and alcohol issues.  I
17 tried to deal with that in my conditions.  I considered the
18 circumstances and nature of the offense and, as I mentioned,
19 your age and physical health and conditions.
20             I also considered the kind of sentences available
21 and the sentencing guideline range, as I mentioned in detail,
22 and the other factors that have been raised by the parties and
23 I considered by Section 3553(a).
24             Is there any issue raised by the government that I
25 have not adequately dealt with in my statement of reasons?

```
 1            MS. PICKING:  No, Your Honor.  We would move to
 2   dismiss Count 2 in accordance of the plea agreement.
 3            THE COURT:  Any objection to that motion?
 4            MS. LONG:  No.
 5            THE COURT:  Any argument or issue raised on behalf
 6   of the defendant that I have not adequately dealt with in my
 7   statement of reasons?
 8            MS. LONG:  No, Your Honor.
 9            THE COURT:  Sir, I am now going to speak to your
10   right to appeal.
11            Except as otherwise waived in the plea agreement,
12   you have a right to appeal from the judgment of this Court,
13   the judgment of guilty, and/or from the sentence imposed.
14            You have the right to have an attorney represent
15   you on appeal at no cost to you.
16            If you cannot afford them, certified copies of the
17   necessary records and transcripts will be furnished at the
18   expense of the United States government.
19            If you appeal, the notice of appeal must be filed
20   within 14 days from today.  Otherwise, you will lose your
21   right to appeal.
22            I would appreciate if you would talk to your
23   counsel and ask whether you want the Clerk of Court to
24   immediately prepare and file a notice of appeal for you or if
25   you decide to appeal, whether you will use current counsel.
```

1           Chat with her for a moment and tell me what you
2 would like, please.
3               (Pause in the proceedings.)
4           THE DEFENDANT:  If there would be an appeal, I
5 would like my attorney to handle it.
6           THE COURT:  You understand if you appeal, you must
7 do it within 10 days from today?
8           THE DEFENDANT:  Yes.
9           THE COURT:  And current counsel will handle the
10 appeal?
11          THE DEFENDANT:  Yes.
12          THE COURT:  There is also a $100 mandatory special
13 assessment that you need to pay and I find that in light of
14 the financial condition, no fine is necessary and will not be
15 ordered in this situation.
16          Is there anything sealed that needs unsealed on
17 behalf of the government?
18          MS. PICKING:  No.
19          THE COURT:  Defendant?
20          MS. LONG:  No.
21          THE COURT:  Anything else you would like to talk
22 about today on behalf of the government?
23          MS. PICKING:  No.
24          THE COURT:  Defendant?
25          MS. LONG:  No.

1           THE COURT: Everyone remain seated and the marshals
2   will remove the defendant.
3           Thank you to all the family members for your
4   letters and for being here.
5           (Whereupon, the above sentencing hearing was
6   concluded.)
7                          - - -
8
9
10          I hereby certify by my original signature herein,
11  that the foregoing is a correct transcript, to the best of my
12  ability, from the record of proceedings in the above-entitled
13  matter.
14
15
16              S/_Karen M. Earley_
17                 Karen M. Earley
18                 Certified Realtime Reporter